# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) CASE NO.:<br>)<br>) |
| ANINDER JAWANDA, AND LARISSA SPEARS, INDIVIDUALLY AND AS THE PARENT OF BEN JAWANDA, DECEASED CHILD, | )<br>)<br>)<br>)<br>) |
| Respondents. | ) |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW Petitioner Allstate Vehicle and Property Insurance Company ("Petitioner Allstate"), Petitioner in the above-styled case, by and through its undersigned counsel of record, and brings this action against Respondent Aninder Jawanda ("Respondent Aninder") and Larissa Spears, Individually and as the Parent of Ben Jawanda, Deceased Child ("Respondent Spears"), and alleges as follows:

**PARTIES**

1.

Petitioner Allstate is a foreign corporation with its principal place of business in Northbrook, Illinois. It is incorporated under the laws of the State of Illinois and

1

is a citizen of Illinois.

2.

Respondent Aninder is a resident and citizen of the State of Georgia and may be served with process at her last known address at 5325 North Powers Ferry Road, Atlanta, Georgia 30327-4627 in Fulton County, Georgia.

3.

Respondent Spears is a resident and citizen of the State of Georgia and may be served with process at her last known address at 5325 North Powers Ferry Road, Atlanta, Georgia 30327-4627 in Fulton County, Georgia.

## JURISDICTION

4.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Petitioner Allstate is a citizen of a different state than all Respondents.

5.

The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 because the relief sought by Respondent Spears for injuries and damages arising from the incident that is the subject matter of this action exceeds $75,000.00.

6.

The Court further has jurisdiction pursuant to 28 U.S.C. § 2201, in that

Petitioner Allstate is seeking a declaration from this Court regarding the parties' rights and obligations with respect to a policy of homeowners insurance issued by Petitioner Allstate, Policy Number 810 273 805 (the "Policy"). (A certified copy of the Policy is attached hereto as Exhibit A). The Policy provides $300,000 in family liability protection and $5,000 in guest medical protection.

7.

Petitioner Allstate anticipates that Respondents will contest Petitioner Allstate's position in regard to the parties' rights and obligations under said Policy and, therefore, a true and actual controversy exists between the parties. Thus, the Court is vested, pursuant to 28 U.S.C. § 2201, with the power to declare the rights and obligations of the parties hereto, and to provide such other relief as may be necessary.

## VENUE

8.

Furthermore, venue is laid in this District pursuant to 28 U.S.C. § 1391 (b)(1) by virtue of the fact that all Respondents reside in Georgia, and at least one Respondent resides in the Northern District of Georgia, Atlanta Division.

**FACTS**

9.

On October 2, 2021, Respondent Spears was living with her two children at 5325 Powers Ferry Road (the "Premises") in Fulton County.

10.

Respondent Aninder, the mother of Rana Jawanda, Respondent Spears' husband, owned the Premises.

11.

Respondent Spears has two children with her husband, Rana Jawanda.

12.

On that day, Respondent Spears' four-year-old son, Ben Jawanda ("Ben"), went missing.

13.

Respondent Spears found his body in the pool, and he was pronounced dead.

14.

On May 12, 2022, Respondent Aninder filed a dispossessory action in the Magistrate Court of Fulton County against Respondent Spears.

15.

On August 30, 2022, Respondent Spears, individually and as the parent of

Ben Jawanda, deceased child, filed an answer and counterclaim against Respondent Aninder.

16.

On August 31, 2022, Petitioner Allstate received its first notice of the subject accident.

17.

On October 18, 2022, Petitioner Allstate sent a reservation of rights letter.

18.

On November 22, 2022, Petitioner Allstate sent a supplemental reservation of rights letter.

I. **PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT ANINDER UNDER FAMILY LIABILITY PROTECTION – COVERAGE X IN THE POLICY BECAUSE THE INSURED PERSON EXCLUSION APPLIES.**

19.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 18 of this Petition as if set forth verbatim herein.

20.

The Family Liability Protection – Coverage X in the Policy, contains the following insured person exclusion:

2. **We** do not cover **bodily injury** to an **insured person** or **property damage** to property owned by an **insured person** whenever any benefit of this coverage would accrue directly or indirectly to an **insured person**.

(Exhibit A, p. 44).

21.

The Policy defines an **insured person** as "**you** and, if a resident of **your** household:

a) Any relative; and
b) Any person under the age of 21 in **your** care."

(Exhibit A, p. 25).

22.

The policy defines **you** as "the person listed under Named Insured(s) on the Policy Declarations as the insured and that person's resident spouse." (Exhibit A, p. 26).

23.

Respondent Aninder, Adarsh Singh, Rana Karan Jawanda, and Respondent Spears are listed as named insureds on the declaration page of the Policy.

24.

Respondent Spears and Ben Jawanda would meet the definition of an **insured person**.

25.

Respondent Spears' claim is for **bodily injury** to Ben Jawanda, and the benefits would accrue to Respondent Spears.

26.

Because the claim is for **bodily injury** to an **insured person** and the benefits would accrue to an **insured person**, Petitioner Allstate has no duty to provide coverage, indemnity, or a defense to Respondent Aninder under Family Liability Protection – Coverage X in the Policy for the claims asserted against her.

II. **PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE TO RESPONDENT SPEARS UNDER GUEST MEDICAL PROTECTION – COVERAGE Y IN THE POLICY BECAUSE THE INSURED PERSON EXCLUSION APPLIES.**

27.

Petitioner Allstate reincorporates the allegations contained in Paragraphs 1 through 26 of this Petition as if set forth verbatim herein.

28.

The Guest Medical Protection – Coverage Y in the Policy contains the following insured person exclusion:

2. **We** do not cover **bodily injury** to an **insured person** or regular resident of the **insured premises**. **We** will not apply this exclusion to a **residence employee**

(Exhibit A, p. 46).

29.

The Policy defines an **insured person** as "**you** and, if a resident of **your** household:

a) Any relative; and
b) Any person under the age of 21 in **your** care."

(Exhibit A, p. 25).

30.

The policy defines **you** as "the person listed under Named Insured(s) on the Policy Declarations as the insured and that person's resident spouse." (Exhibit A, p. 26).

31.

Respondent Aninder, Adarsh Singh, Rana Karan Jawanda, and Respondent Spears are listed as named insureds on the declaration page of the Policy.

32.

Respondent Spears and Ben Jawanda would meet the definition of an **insured person**.

33.

Respondent Spears' claim is for the **bodily injury** of an **insured person**.

34.

Because the claim is for the **bodily injury** to an **insured person**, Petitioner

8

Allstate has no duty to provide coverage to Respondent Spears under Guest Medical Protection – Coverage Y in the Policy for her claims.

### III. PETITIONER ALLSTATE HAS NO DUTY TO PROVIDE COVERAGE, INDEMNITY, OR A DEFENSE TO RESPONDENT ANINDER OR RESPONDENT SPEARS UNDER FAMILY LIABILITY PROTECTION – COVERAGE X OR GUEST MEDICAL PROTECTION – COVERAGE Y IN THE POLICY AS RESPONDENTS FAILED TO PROVIDE PROMPT NOTICE OF THE ACCIDENT, WHICH IS A CONDITION PRECEDENT TO COVERAGE.

35.

Petitioner Allstate reincorporate the allegations contained in Paragraphs 1 through 34 of this Petition as if set forth verbatim herein.

36.

The Section II of the Policy, which includes the Family Liability Protection – Coverage X and the Guest Medical Protection – Coverage Y, contains the following notice requirement as a condition precedent to coverage:

**Section II Conditions**

1. **What You Must Do After An Accidental Loss**
   In the event of **bodily injury** or **property damage, you** must do the following:
   a) Promptly notify **us** or **our** agent stating:
      1) **your** name and policy number;
      2) the date, the place and the circumstances of the loss;
      3) the name and address of anyone who might have a claim against an **insured person**;
      4) the names and addresses of any witnesses.

    b) Promptly send **us** any legal papers relating to the accident.

(Exhibit A, p. 48).

37.

Petitioner Allstate was notified of the subject accident on or about August 31, 2022, which was approximately eleven months after it occurred.

38.

Because Petitioner Allstate was not promptly notified of the subject accident, which is a condition precedent to coverage, Petitioner Allstate has no duty to provide coverage, indemnity, or a defense to Respondent Aninder or Respondent Spears under the Policy under Family Liability Protection – Coverage X and Guest Medical Protection – Coverage Y for the claims asserted against Respondent Aninder.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner Allstate prays:

1. That process be issued as required by law and that Respondents be served with a copy of the Summons and Petition for Declaratory Judgment;

2. That the Court issue a declaration that Petitioner Allstate is not obligated to provide coverage, indemnity, or a defense to Respondent Aninder under the Family Liability Protection - Coverage X of the Policy for the claims arising out of the October 2, 2021 incident described herein;

3. That the Court issue a declaration that Petitioner Allstate is not obligated to provide coverage to Respondent Spears under the Guest Medical Protection – Coverage Y of the Policy for the claims arising out of the October 2, 2021 incident described herein;

4. For a trial by jury on all issues; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 29th day of November, 2022.

COPELAND, STAIR, VALZ & LOVELL, LLP

191 Peachtree Street NE, Suite 3600
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
rdixon@csvl.law
jemory@csvl.law

By: */s/ Jena G. Emory*
RYAN D. DIXON
State Bar No.: 859300
JENA G. EMORY
State Bar No.: 178454

*Attorneys for Petitioner Allstate Vehicle and Property Insurance Company*