IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ANINDER JAWANDA, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>1:22-cv-04719-TRJ |

### ORDER

This matter is before the Court on Plaintiff Allstate Vehicle and Property Insurance Company's ("Allstate") Second Motion for Summary Judgment. (Doc. 52). Upon review and consideration, and with the benefit of oral argument, Allstate's Motion is **GRANTED**.

### BACKGROUND

Defendant Rana Karan Jawanda ("Rana") and Defendant Larissa Spears ("Spears") were previously married and had two children together.[1] (Doc. 38 at ¶ 12). On October 2, 2021, Spears was living with her two children at 5325 Powers Ferry Road in Fulton County, Georgia (the "Premises"). (*Id.* at ¶ 10; Doc. 52-2 at 3; Doc. 53-3 at 3; Doc. 52-4 at 3). Defendant Aninder Jawanda ("Aninder"), Rana's mother, owned the Premises. (Doc. 38 at ¶ 11). That day, Spears and Rana's four-year-old son, Ben Jawanda ("Ben"), went missing. (*Id.* at ¶ 13). Spears found his body in the pool

---

[1] Spears filed for divorce from Rana on March 12, 2021, and the divorce was finalized on May 23, 2023. (Doc. 75-4 at 7–18).

on the Premises, and he was pronounced dead. (*Id.* at ¶ 14).

On May 12, 2022, Aninder filed a dispossessory action against Spears in the Magistrate Court of Fulton County. (*Id.* at ¶ 15). On August 30, 2022, Spears, individually and as the parent of Ben, filed an answer and counterclaim against Aninder for the bodily injury and death of Ben. (*Id.* at ¶ 16; Doc. 52-2 at 3; Doc. 53-3 at 3). On March 16, 2023, Spears' counterclaim was dismissed without prejudice. (Doc. 38 at ¶ 18). On May 24, 2023, Spears refiled her wrongful death claim against Aninder and Rana in the Superior Court of Fulton County, which is currently stayed pending resolution of this case. (*Id.* at ¶ 19; Doc. 52-6 at 4–14; Doc. 75-2 at 6).

On November 29, 2022, Allstate filed this action for declaratory judgment to determine its rights and obligations under Allstate House & Home Policy, Policy Number 810 273 805 (the "Policy") with respect to the subject accident. (Docs. 1, 38). The Policy was issued to Aninder, Adarsh Singh, Rana, and Spears for the policy period beginning January 28, 2021 through January 28, 2022. (Doc. 52-7 at 5). Among other things, the Policy provided $300,000 for each occurrence in family liability protection and $5,000 for each person in guest medical protection. (*Id.* at 6).

The Policy includes the following insured person exclusion under Coverage X:

> **Family Liability Protection-Coverage X**
>
> . . .
>
> **Losses We Do Not Cover Under Coverage X:**
>
> . . .
>
> 2. **We** do not cover **bodily injury** to an **insured person** . . . whenever any benefit of this coverage would accrue directly or indirectly to an **insured person**.

2

(*Id.* at 44) (emphasis in original). The Policy also includes the following insured person exclusion under Coverage Y:

> **Guest Medical Protection-Coverage Y**
>
> . . .
>
> **Losses We Do Not Cover Under Coverage Y:**
>
> . . .
>
> 2. **We** do not cover **bodily injury** to any **insured person** or regular resident of the **insured premises**. **We** will not apply this exclusion to a **residence employee**.

(*Id.* at 46) (emphasis in original). The Policy defines an "insured person" as "**you** and, if a resident of **your** household: a) any relative; and b) any person under the age of 21 in **your** care." (*Id.* at 25). The Policy defines "you" or "your" as "the person listed under Named Insured(s) on the Policy Declarations as the insured and that person's resident spouse." (*Id.* at 26).

In addition, the Policy includes the following condition precedent to coverage under Coverage X and Y:

> **Section II Conditions**
>
> **1. What You Must Do After An Accidental Loss**
>
> In the event of **bodily injury** or **property damage**, **you** must do the following:
>
> a) Promptly notify **us** or **our** agent stating:
>
> 1) **your** name and policy number;
>
> 2) the date, the place and the circumstances of the loss;
>
> 3) the name and address of anyone who might have a claim against an **insured person**;

> 4) the names and addresses of any witnesses.
>
> b) Promptly send **us** any legal papers relating to the accident.

(*Id.* at 48 (emphasis in original)). Allstate first received notice of the subject accident on August 31, 2022, approximately eleven months after it occurred. (Doc. 38 at ¶ 17; Doc. 52-2 at 3–4; Doc. 53-3 at 3; Doc. 52-4 at 3–4).

Allstate moved for summary judgment on August 9, 2024. (Doc. 52). Aninder and Rana filed a response in opposition to the motion, Allstate filed a reply, and Aninder and Rana filed a surreply.[2] (Docs. 58, 62, 75, 76). On April 4, 2025, the Court heard oral argument from the parties on the motion. (Doc. 82).

## LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is "genuine" if the evidence would allow a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of

---

[2] Spears was sued individually and as the parent of Ben in this action. Spears filed an answer to Allstate's original Petition for Declaratory Judgment on February 22, 2023. (Doc. 17). On April 4, 2024, Allstate filed its First Amended Petition for Declaratory Judgment. (Doc. 38). When Spears failed to file a responsive pleading to the Amended Petition, Allstate moved for entry of default against Spears on July 17, 2024; the Clerk entered default against Spears on August 15, 2024. (Doc. 49). But, as recently as February 13, 2025, Spears' counsel filed a Certificate of Compliance, certifying that he read the Court's Guidelines. (Doc. 77). Despite being represented by counsel, Spears did not file a response to Allstate's motion for summary judgment, indicating she does not oppose it. *See* LR 7.1 ("Failure to file a response shall indicate that there is no opposition to the motion."). Spears' counsel appeared for oral argument on April 4, 2025, confirmed that Spears did not file a response to Allstate's motion for summary judgment, and had nothing to add in argument against it.

the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the Court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. In determining whether the moving party has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no "genuine [dispute] for trial" when the record could not lead a rational trier of fact to find for the non-moving party. *Id.* (citations omitted). All reasonable doubts are resolved in the favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

## DISCUSSION

Allstate seeks a determination that it does not owe family liability coverage, indemnity, or a defense to Aninder or Rana in the underlying lawsuit under Coverage

5

X of the Policy, and that it does not owe guest medical protection coverage to Spears, individually and as the parent of Ben, under Coverage Y of the Policy because: (1) Aninder and Rana did not promptly notify Allstate of the subject accident, which is a condition precedent to coverage; and (2) the insured person exclusions under Coverage X and Y apply. For the reasons set forth below, the Court agrees.

### A. Aninder and Rana did not promptly notify Allstate of the accident.

Allstate argues that it is entitled to summary judgment because the Policy's prompt notice provision is a condition precedent to coverage, and Aninder and Rana's failure to provide prompt notice of the subject accident to Allstate precludes coverage. (Doc. 52-1 at 12–15). "Under Georgia law notice provisions which are made a condition precedent to coverage are valid, and where an insured has not demonstrated sufficient justification for failure to give notice in accordance with such notice provisions, then the insurer is not obligated to provide coverage or a defense." *Ill. Union Ins. Co. v. Sierra Contracting Corp.*, 744 F. Supp. 2d 1349, 1351 (N.D. Ga. 2010) (citations omitted); *Ill. Union Ins. Co. v. NRI Const. Inc.*, 846 F. Supp. 2d 1366, 1370 (N.D. Ga. 2012); *Allstate Ins. Co. v. Airport Mini Mall, LLC*, 265 F. Supp. 3d 1356, 1376 (N.D. Ga. 2017) ("Failure to comply with such a notice provision bars coverage under Georgia law.") (citations omitted).

"[N]otice provisions are made a condition precedent to coverage so that insurers can be certain that they are given the opportunity to investigate the facts surrounding an incident promptly and to prepare a defense or settlement while the facts are still fresh and witnesses are still available." *Sierra Contracting Corp.*, 744

F. Supp. 2d at 1351 (citations omitted); *Am. Ins. Co. v. Evercare Co.*, 699 F. Supp. 2d 1361, 1366 (N.D. Ga. 2010), *aff'd*, 430 F. App'x 795 (11th Cir. 2011). The meaning of "promptly" has been interpreted by Georgia courts as requiring "immediate" notice based on the reasonable diligence of the insured under the circumstances. *State Farm Fire & Cas. Co. v. LeBlanc*, 494 F. App'x 17, 21 (11th Cir. 2012) (noting that Georgia courts construe "prompt" as having the same meaning as such terms as "as soon as practicable" and "immediate" and noting that "prompt" when used as an adjective denotes "responding instantly"). Thus, when an insured delays in giving notice without sufficient justification, the insurer is not obligated to provide coverage. And, "when specified notice is a valid condition precedent to coverage, an insurer is not required to show actual harm from a delay in notice in order to justify a denial of coverage based on such failure of a condition precedent." *Plantation Pipe Line Co. v. Stonewall Ins. Co.*, 335 Ga. App. 302, 311 (2015).

Courts applying Georgia law have held that delays of as little as three to four months are unreasonable and, therefore, preclude recovery as a matter of law. *See NRI Const. Inc.*, 846 F. Supp. 2d at 1371; *Hathaway Dev. Co., Inc. v. Ill. Union Ins. Co.*, 274 F. App'x 787, 790–91 (11th Cir. 2008) (per curiam) (delays of four, five, and eight months unreasonable as matter of law); *LeBlanc*, 494 F. App'x 17, 23 (insured's four-month delay held unreasonable under Georgia law, absent a valid excuse); *Cotton States Mut. Ins. Co. v. Int'l Surplus Lines Ins. Co.*, 652 F. Supp. 851, 856 (N.D. Ga. 1986) ("The Georgia courts have repeatedly held that where no valid excuse exists, failure to give written notice for periods in the range of four to eight months is

7

unreasonable as a matter of law.") (citations omitted); *Evercare Co.*, 699 F. Supp. 2d at 1368 (nine-month delay unreasonable as matter of law). So, under Georgia law, Allstate would not be obligated to provide coverage unless Aninder and Rana could demonstrate the eleven-month delay in notifying Allstate was justified.

The sufficiency of an insured's justification for a delay in providing notice to the insurer is generally a question of fact to be determined by a jury, "according to the nature and circumstances of each individual case." *Sierra Contracting Corp.*, 744 F. Supp. 2d at 1351–52 (citation omitted). "Georgia courts have found on a number of occasions, however, that the justification offered by an insured for failure to notify the insurer was unreasonable as a matter of law under the nature and circumstances of the case." *Id.* at 1352 (citations omitted); *Travelers Indemnity Co. of Conn. v. Douglasville Dev., LLC,* No. 1:07-cv-0410-JOF, 2008 WL 4372004, at *4 (N.D. Ga. Sept. 19, 2008) ("[W]hen the undisputed facts would preclude recovery, the issue of notice becomes a question of law appropriate for disposition on summary judgment."). Thus, this Court may determine that an insured's delay in giving notice to his insurer was unjustified and unreasonable as a matter of law. *See e.g.*, *Longleaf in Vinings Homeowners Ass'n, Inc. v. QBE Ins. Corp.*, 1:13-cv-03132-AT, 2015 WL 11232360, at *5 (N.D. Ga. Mar. 12, 2015), *aff'd* 646 F. App'x 823, 825 (11th Cir. 2016) (granting summary judgment in favor of insurer and finding that insured's unreasonable delay in providing notice precluded coverage under insurance policy).

To avoid summary judgment, the insured must "show that [they] complied with the notice provision[s] or demonstrate justification for failing to do so." *Mt. Hawley*

*Ins. Co. v. Brady*, No. 1:18-cv-05056-ELR, 2020 WL 13891977, at *5 (N.D. Ga. Oct. 8, 2020). "In addressing whether an insured's purported compliance with a notice requirement can be determined as a matter of law, courts look to the reasons provided by the insured for the delay." *Airport Mini Mall, LLC*, 265 F. Supp. 3d at 1378–79. "An insured's duty to provide notice to the insurer is triggered when the insured actually knew or should have known of the possibility that it might be held liable for the offense in question." *Id.* (citations omitted). Upon review of the admissible evidence in this case, the Court finds that no reasonable jury could find that Aninder and Rana complied with the notice provision of the Policy.

Here, the Policy required as a condition of coverage that the insured promptly notify Allstate of any bodily injury occurring on the Premises. (Doc. 52-7 at 48). Allstate first received notice of the subject accident on August 31, 2022, approximately eleven months after it occurred. (Doc. 38 at ¶ 17; Doc. 52-2 at 3–4; Doc. 53-3 at 3; Doc. 52-4 at 3–4). Allstate asserts that the nearly eleven-month delay in providing notice warrants summary judgment. In response, Aninder and Rana make three arguments as to why the Court should consider their notice to Allstate to be prompt. The Court addresses each argument in turn.

First, Aninder and Rana argue that "[d]eath of a child or grandchild is an extremely upsetting event, which reasonably distracted Respondents Aninder and Rana from others matters." (Doc. 75-1 at 9–10). Aninder and Rana argue that "Georgia law contemplates reasonable distraction as a consideration for promptness[.]" (*Id.* at 10). They assert that "[g]iven the complex legal questions at

9

issue . . . and the oppressive grief they were under, Aninder and Rana's notice provided was prompt and sufficient." (*Id.*) Though, Aninder and Rana argue that the justification for the eleven-month delay was grief, they do not cite any caselaw to support this argument that grief is a justification for failing to provide prompt notice to the insurer. They state that they "have submitted evidence and can rely on the facts as undisputed" to show that they did not provide late notice to Allstate. (Doc. 76 at 10). But the evidence shows that Aninder filed a dispossessory action against Spears on May 12, 2022, undercutting the contention that the "oppressive grief" prevented Aninder and Rana from providing prompt notice to Allstate. While the Court is sympathetic to the circumstances surrounding this case, the Policy imposed an affirmative duty on Aninder and Rana to provide prompt notice to Allstate. And they have not demonstrated a reasonable justification for failing to do so.

Allstate relies on the reasoning in *Richmond v. Georgia Farm Bureau Mutual Insurance Co.* to support its argument that Aninder and Rana's eleven-month delay was unreasonable. In *Richmond*, the Georgia Court of Appeals affirmed the trial court's grant of an insurer's motion for summary judgment, when the insured notified the insurer of the subject accident eight months after it occurred. 140 Ga. App. 215, 220 (1976). The court reasoned that "the uncontradicted evidence showed that there was an automobile-pedestrian collision, that the pedestrian was taken to a hospital and treated, that the insured was aware of the collision and injuries sustained, and that the insured paid a number of the injured party's medical bills." *Id.* at 221. The court concluded "[u]nder these circumstances the eight months delay in notifying the

10

insurer was unreasonable as a matter of law." *Id.* Like in *Richmond*, Allstate's insured in this case—Aninder and Rana—provided late notice of the subject accident to Allstate. The accident occurred on October 2, 2021, and Aninder notified Allstate on August 31, 2022, approximately eleven months after it occurred. (Doc. 52-2 at 3–4). Rana did not notify Allstate until June 16, 2023, which was nearly two years after the accident occurred. (Doc. 52-4 at 3–4).

Second, Aninder and Rana argue that the notice language cited by Allstate is ambiguous. (Doc. 75-1 at 10–11). The Court disagrees. Georgia courts consistently interpret requirements that notice be "prompt" as requiring "immediate" notice based on the reasonable diligence of the insured under the circumstances. *LeBlanc*, 494 F. App'x at 21 (noting that Georgia courts construe "prompt" as having the same meaning as such terms as "as soon as practicable" and "immediate" and noting that "prompt" when used as an adjective denotes "responding instantly"); *Advocate Networks, LLC. v. Hartford Fire Ins. Co.*, 296 Ga. App. 338, 341 (2009). Like the policy at issue in *LeBlanc*, here, the notice provision appears under a section entitled "Conditions," and the Eleventh Circuit has explained that "[t]his language clearly expresses the intention that the notice provisions be treated as conditions precedent to coverage." *Id.*; *see also Ralls Corp. v. Huerfano River Wind, LLC*, 27 F. Supp. 3d 1303, 1323–24 (N.D. Ga. 2014) (citation omitted) ("Parties can create conditions precedent by language such as 'on condition that,' 'if' and 'provided,' or by explicit statements that future events are to be construed as conditions precedent.").

Third, Aninder and Rana argue that they "complied with the policy to the best

11

of their ability and sufficiently under the policy and circumstances." (Doc. 75-1 at 11). They assert that they must be given the benefit of every doubt, but they do not cite any caselaw to support this contention. (*Id.*) Indeed, Georgia law places the burden on Aninder and Rana to submit the justification for their delay. *See Kay-Lex Co. v. Essex Ins. Co.*, 286 Ga. App. 484, 488 (2007) ("Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, . . . then the insurer is not obligated to provide either a defense or coverage."). They have not submitted any evidence or otherwise met their burden of showing a reasonable justification for the eleven-month delay, especially in light of the fact that more than three months prior to notifying Allstate of the subject accident, Aninder filed a dispossessory action against Spears. The Court, therefore, finds that the justification offered by Aninder and Rana was unreasonable as a matter of law.

In sum, the Court finds Aninder and Rana's proffered justification insufficient as a matter of law to defeat Allstate's motion for summary judgment based on the lack of prompt notice as a condition precedent to coverage. Aninder and Rana have failed to create a genuine dispute of material fact regarding whether they had a legally sufficient justification for not providing prompt notice to Allstate of the circumstances giving rise to the underlying claim. Because Aninder and Rana failed to comply with the condition precedent of prompt notice, Allstate is not obligated to provide coverage for the claims at issue in the underlying lawsuit.

### B. The insured person exclusions under Coverage X and Y apply.

Even assuming Allstate received prompt notice of the subject accident, Allstate

argues that neither Aninder nor Rana are entitled to coverage, indemnity, or a defense under Coverage X, and that Spears is not entitled to coverage under Coverage Y, because the insured person exclusions apply to preclude coverage. Specifically, because Spears' claims in the underlying lawsuit against Aninder and Rana are for the bodily injury to an insured person (Ben) with benefits to accrue to an insured person (Spears), Allstate argues that the plain terms of the insured person exclusions under Coverage X and Y are met. The Court agrees.

The insured person exclusion under Coverage X excludes coverage for "bodily injury to an insured person . . . whenever any benefit of this coverage would accrue directly or indirectly to an insured person." (Doc. 52-7 at 44). Whether the terms of the insured person exclusion are met depends on whether Spears and Ben meet the definition of an "insured person." The Policy defines an "insured person" as "you and, if a resident of your household: . . . [a]ny relative; and . . . [a]ny person under the age of 21 in your care." (*Id.* at 25). The Policy defines "you" or "your" as "the person listed under Named Insured(s) on the Policy Declarations as the insured and that person's resident spouse." (*Id.* at 26). Spears is listed as a named insured on the declarations page of the Policy and thus meets the definition of an "insured person" on that basis alone. (Doc. 52-7 at 5). Because Ben was the four-year-old son of Spears and was living with her on the Premises at the time of the accident, Ben meets the definition of an "insured person" as well. (Doc. 38 at ¶¶ 10, 13). Likewise, the insured person exclusion under Coverage Y excludes coverage for "bodily injury to any insured person or regular resident of the insured premises." (Doc. 52-7 at 46). Because Ben meets the

definition of an "insured person," Spears is not entitled to coverage for her claims in the underlying lawsuit under Coverage Y of the Policy.

In response, Aninder and Rana cite to *Landrum v. Infinity Safeguard Insurance Co.* to support their argument that they will be unfairly exposed to unanticipated liability if Allstate does not provide coverage to them under the Policy. (Doc. 75-1 at 6–7). But in *Landrum*, the Georgia Court of Appeals held that the insured person exclusion did not violate public policy. *Landrum*, 318 Ga. App. 701, 704 (2012). Specifically, the court explained that the named insured was "presumed to have knowledge of the contents of her policy" and therefore could not "void the policy exclusion on the ground that she is an innocent member of the motoring public." *Id.* Similarly, in this case, both Aninder and Rana are named insureds on the Policy. Consequently, they are presumed to have knowledge of the contents of the Policy and cannot now seek to void the insured person exclusions under the Policy by claiming that the exclusions are unfair or unanticipated.

Moreover, contrary to Aninder and Rana's arguments, the insured person exclusion does not violate Georgia's public policy. The Supreme Court of Georgia has explained that "[t]he public policy considerations relating to family exclusion provisions in automobile liability insurance policies stem from the legislature's enactment of the mandatory insurance statute." *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 476 (1989). But because Georgia does not have a statute mandating homeowners' insurance, public policy does not prohibit an insured person exclusion in homeowners' policies. "A homeowner's rights under an insurance policy are generally determined

by the terms of the policy." Homeowner's Insurance Policies, GA. PREMISES LIABILITY § 7:7. Thus, even if the insured person exclusion runs afoul of public policy in the automobile insurance policy context, the public policy discussed in those cases arises out of the mandatory insurance statute. Because the Policy at issue in this case is a homeowners' policy, the insured person exclusion contained therein does not violate public policy. *See Baldwin v. State Farm Fire & Cas. Co.*, 264 Ga. App. 229 (2003) (concluding that there was no conflict between a family exclusion provision in a homeowner's policy and Georgia public policy).

Additionally, courts in other jurisdictions have enforced insured person exclusions in homeowners' policies. For instance, in *Allstate Property & Casualty Insurance Co. v. A.R.*, the district court granted an insurer's motion for summary judgment under a nearly identical exclusion provision where the claimant met the definition of a resident relative. No. C13-6041 RBL, 2014 WL 3579672, at *4 (W.D. Wash. July 21, 2014). In that case, the plaintiff, the nine-year-old daughter of the insured, sued her mother for negligence in allowing her grandfather to molest her. *Id.* at *1. The plaintiff testified that she lived with her mother at the time of the abuse. *Id.* at *4. The court found that the plaintiff was a resident relative and met the definition of an insured. *Id.* at *5. It concluded "[the insurer] therefore had no duty to defend [the insured]." *Id.* Here, the argument that the insured person exclusion should apply is even stronger because, in this case, Spears—the claimant in the underlying lawsuit—is a named insured on the Policy.

Aninder and Rana respond that "[n]one of the cases cited by Allstate are on

15

four corners with the instant case" and that "other jurisdictions have also rejected similar exclusions." (Doc. 75-1 at 8). But they cite to only one case—*National County Mutual Fire Insurance Company v. Johnson*, a Texas Court of Appeals case—to support this argument. (*Id.* at 8–9). In *Johnson*, however, the court held that a family member exclusion violated public policy of a Texas law (the Safety Responsibility Act) which required liability insurance coverage for all damages that may arise out of the operation of a motor vehicle. 829 S.W.2d 322, 327 (Tex. App. 1992). No similar Georgia law would be violated by the insured person exclusion at issue in this case.

## CONCLUSION

For these reasons, Allstate's Second Motion for Summary Judgment (Doc. 52) is **GRANTED**. The Court **DECLARES** that Allstate has no duty to provide coverage, indemnity, or a defense to Aninder or Rana under the Family Liability Protection – Coverage X of the Policy for the claims arising out of the October 2, 2021 accident. The Court further **DECLARES** that Allstate has no duty to provide coverage to Spears under the Guest Medical Protection – Coverage Y of the Policy for the claims arising out of the October 2, 2021 accident. Because this Order resolves all of Allstate's claims at issue in this action, the Clerk is **DIRECTED** to enter judgment in favor of Allstate and **CLOSE** this case.

SO ORDERED, this 14th day of April, 2025.

_____
TIFFANY R. JOHNSON
United States District Judge